JUSTICE GRAY
concurring in part and dissenting in part.
I concur in the opinion of the majority on issue two. I respectfully dissent from the majority’s conclusion that the testimony of Nicholas Kaufman, Ken Staninger and James Benn which was admitted over “expert testimony” objection constituted expert testimony requiring disclosure under Rule 26, M.R.Civ.P. Given the content of the testimony at issue and the abuse of discretion standard of review, I would affirm the District Court on issue one.
Nicholas Kaufman's testimony is summarized by the majority. It contained two discrete parts: first, Kaufman testified as to flood plain regulations and other matters of public record regarding those regulations as they relate to the two property parcels at issue; he then testified generally on five alternatives for flood-proofing the parcels. Stevens’ counsel objected that Kaufman’s testimony was undisclosed expert testimony. The District Court overruled the objection to testimony on the flood plain regulations and related matters. The court specifically sustained objections to portions of Kaufman’s testimony *250 addressed to the engineering aspects of the various flood-proofing alternatives but allowed Kaufman to testify generally on the alternatives “until we get in any technical matters.”
The majority states that Kaufman’s area of specialty and, assumedly, his testimony are not within the range of ordinary training and intelligence, in direct derogation of the District Court’s conclusion that it was not. It is my view that Kaufman’s testimony was, indeed, a “close call.” However, I cannot ascribe an abuse of discretion to the District Court in light of the clear and understandable nature of the testimony and the fact that, as the trier of fact in this case, the District Court did not believe the testimony was so complex or specialized as to constitute expert testimony.
Furthermore, I do not understand the majority’s reliance on the fact that the court, as trier of fact, used Kaufman’s testimony in drawing its conclusions. The majority seems to suggest that the court’s actual use of the testimony renders the testimony “expert.” If that is to be the definition of expert testimony, then we have reached a point where mere relevant testimony equates to expert testimony.
As to Ken Staninger, the majority correctly notes that he is a real estate broker of some years’ experience who was involved with both parcels of property at issue in this case. Stevens’ counsel’s “expert opinion” objection to Staninger’s opinion testimony on the $775,000 selling price for the Buttrey parcel was sustained because the testimony amounted to expert appraisal-type testimony. Staninger did provide testimony on the 6 acre tract, for which he was the exclusive listing broker. A letter from Staninger to UFF, in which Staninger discussed market conditions and his personal experiences in attempting to sell the property at the $250,000 asking price, was admitted over objection by Stevens’ counsel that it constituted expert opinion on the value of the property. The majority apparently concludes that this letter was expert opinion testimony and that, as such, the District Court abused its discretion in admitting the letter because Staninger was not identified as an expert. I disagree.
It is my view that the Staninger letter is lay opinion testimony under Rule 701, M.R.Evid. There is nothing of a scientific, technical or particularly specialized nature in Staninger’s letter which would constitute Rule 702 expert opinion. Nor does Staninger’s nineteen years’ experience in the real estate business necessitate a conclusion that everything he says or does invokes expert status requiring disclosure under Rule 26, M.R.Civ.R The letter recounts Staninger’s personal experience in trying to market the Russell property; it *251 includes Staninger’s observations on market conditions he experienced relative to the property and UFFs asking price. Nothing in the letter approaches the kind of expert valuation or appraisal testimony the majority seems to suggest is there. The majority’s conclusion that the letter is expert testimony subject to Rule 26 disclosure is an extremely broad view which renders virtually all testimony by any person engaged in any trade or profession expert testimony. The majority states that “[t]he days of disclosure are here.” As a result of the majority opinion, that is certainly true; the traditional distinction between lay and expert testimony is no more.
It is my view that the majority similarly mischaracterizes the testimony of James Benn. Benn did not testify as to the value of the property at the foreclosure sale; he testified as to his own involvement in the foreclosure of both parcels and in helping UFF establish its bid price for each parcel.
Benn testified to the bid price for the Buttrey Suburban Building. His testimony included the information that Barney Olson was retained by UFF to provide a range of values for the property; neither Olson’s letter nor any specific valuation information from that letter was testified to by Benn. No objection was made to the referenced portion of Benn’s testimony on the bid price, and the manner of establishing it, for the Buttrey parcel. An objection was made and sustained on “expert testimony” grounds to a later portion of Benn’s testimony about fair market value.
Benn then testified that the same process was utilized in establishing UFF’s $200,000 bid price for the 6 acre tract. Stevens’ counsel objected that the question called for hearsay based on Olson’s valuation; the objection was overruled. It is this action by the District Court in overruling a hearsay objection that the majority holds is an abuse of discretion because the testimony was in violation of Rule 26, M.R.Evid. Again, I cannot agree.
Benn’s testimony as to the bid price for the 6 acre tract, and how it was established, is not expert testimony. It is factual testimony of Benn’s own participation in UFF’s action to foreclose the 6 acre tract. There is nothing specialized or technical about it, it does not constitute opinion testimony of any kind, and it is not valuation testimony as suggested by the majority. Furthermore, the testimony was not inadmissible on the hearsay grounds upon which the objection was based since it contained no reference whatsoever to the contents of Olson’s letter. I cannot find an abuse of discretion by the District Court on these facts.
*252 The majority’s brief and generalized treatment of Benn’s testimony, and its resulting lack of clarity in concluding that testimony was expert testimony requiring disclosure under Rule 26, does not provide guidance to the bench and bar of Montana in distinguishing lay and expert opinion. Instead, as noted above, the message seems to be that the difference between the two no longer exists. I dissent.
CHIEF JUSTICE TURNAGE concurs in the foregoing concurring and dissenting opinion of JUSTICE GRAY.